Putnam J.
dissenting. I have the misfortune to differ in opinion from two of my learned brethren, who constitute a majority of the judges remaining upon the bench before whom this cause was argued.* *
The question is, whether the plaintiff can maintain his action of trespass quare clausum fregit for mesne profits, from the 16th of November, 1818, when the estate came to the defendants from William Thompson their father by descent, or from the 21st of May, 1819, when the plaintiff purchased his writ of entry in the former suit between these parties, until the time of receiving seisin and possession upon his writ of habere facias possessionem, on the 17th of April, 1821.
The plaintiff, in his writ of entry, declared upon his seisin within 30 years, and alleged that the defendants had no entry but by William Thompson deceased, who unjustly disseised the plaintiff, and from whom the same descended to the defendants. It appears that the plaintiff did not make any entry after the death of William Thompson the father, and that he had no actual possession of the estate after it descended to the defendants, until it was delivered to him upon his writ of possession ; and that the defendants entered after the death of their father and claimed and held the estate by descent from him, until the plaintiff turned them out by his execution. It *523 appears also, that the tenants pleaded that they did not disseise the demandant, and the jury found that they did, and thereupon the demandant had his judgment for seisin and possession of the estate. And the demandant concludes his count by the averment, that the defendants still unjustly withhold the premises from him. These are the material facts ; and m my opinion they are not sufficient to enable the plaintiff to maintain this action.
There is one preliminary objection to be disposed of in this place. It has been argued that the defendants are estopped by the record in the former suit, from showing that they entered by title, and held as heirs of their deceased father and not as disseisors or trespassers, and that the plaintiff had not the possession of the premises, because they pleaded that they did not disseise the demandant, and that issue has been found against them.
That consequence would have followed, if that had been a material issue. But the demandant declared upon a disseisin done to him by William Thompson the father of the tenants, alleging that they had no entry but by the said William Thompson. The estoppel is to be applied, not to the defendants, who were the tenants, but to the plaintiff, who xvas the demandant. His allegation was, that the tenants came into possession by William Thompson who committed the disseisin. That was a material and issuable fact for him to allege and prove ; and it is not competent for him now to deny the fact, that the tenants entered by title. The rule is, “ that when the truth is apparent in the same record, the adverse party shall not be estopped to take advantage thereof.” Bac. Abr. Pleas and Pleadings, I, 11. “ That a matter alleged, that is neither traversable nor material, shall not estop.” Co. Lit. 352 b. A fortiori, I think that a matter traversed, which is not material and which is not alleged, is not to estop. The issue tendered was, that the tenants did not disseise. The demandant had not said that they ever did. They might as well have pleaded that John Doe did not disseise. That would have been just as pertinent and material as the issue which was joined. It was no answer to the declaration. Tb° defendants in this action are therefore not estopped from *524 showing the truth upon the whole record and process upon the writ of entry.
It has been argued by the plaintiff’s counsel, that this course of reasoning has a tendency to introduce too much nicety of pleading in our real actions. But it appears to me that the more definitely the demandant states his claim, the better will the tenant know how to proceed ; whether to defend or give up the estate. It would, for example, seem not too precise for one who claims an interest in real estate, and who undertakes to disprove the title of another who is in possession, to state whether he demanded the possession by reason of his own seisin, or the mere right upon the seisin of an ancestor ; whether the tenant was to be judicially questioned for acts done by himself, or by others under whom the tenant entered. The proceeding in the writ of entry as used here, is not liable to the causes of delay which brought it into disuse in England. It states the claim in few words, and with great precision. If any reasonable care is bestowed upon the declaration, the tenant will be able generally to put in issue a single fact which will determine the controversy, and witnesses will be obliged to attend touching that fact only. Thus much saving of time and money is made. But if one may be permitted to disregard forms, and declare generally, •under the notion of rendering the proceedings at law more simple and expeditious, the party sued will not know the very point of the case; he must therefore prepare himself at all points, and the uncertainty, delay and expenses attending suits would be immensely increased.
But to recur to the main question, can the plaintiff main tain this action ?
It has been contended that the plaintiff might have maintained the action, upon such a state of facts, after a recovery in ejectment in England. If that should be admitted, I do not think it follows that he may do the same here, after a recovery in a writ of entry. I suppose it is true, that m England one who can prove, on the trial of an ejectment, his right to enter upon the premises, may compel the tenant to confess lease, entry and ouster. That I believe is the law there, in every case, excepting where the plaintiff seeks +o *525 avoid the effect of a fine with proclamations, in such case a man cannot recover for mesne profits which accrued before his actual entry, notwithstanding his right accrued before. Compere v. Hicks, 7 T. R. 728. But by entering into the rule to confess the lease, entry and ouster, the defendant is estopped both as to the lessor and lessee, so that either may maintain trespass without proving an actual entry. Bull. N. P. 87.
We, however, have no right to compel a tenant to confess, in a writ of entry, the facts which are material and to be proved by the demandant. None of the fictions which have been applied to the English ejectment have been adopted in our real actions. Where an entry is to be proved by the demandant in a writ of entry, he must prove it by competent testimony. He cannot compel the tenant to confess it. The tenant has a right to wait until the fact has been established. It is not sufficient that the party had a right to enter, unless he exercise it. This is too clear to need illustration. If this were a common action of trespass quare clausum fregit for cutting a tree, &c., nobody would contend that the plaintiff could recover unless he prove that he had the possession of the locus in quo &c., and that the defendant committed the wrong. Proving only a right to the possession would not avail. A man who has the freehold in law, if he has not the actual possession, cannot have an action of trespass. The heir shall not have trespass against an abator before he has entered. 2 Roll. Abr. 553, tit. Tresp. S, pl. 1 and 2; Finch’s Law, 199, c. 7. “ A man made a lease for six years, the term expired and the lessee kept himself in after the term and took the profits, and the lessor, before any entry, brought an action of trespass for the trespass mesne done, viz. after the term ended and before the action brought; and the opinion of the justices was, that the action of trespass did not lie, for although the lessor might enter, yet before entry the possession was not in him.” Browning v. Beston, Plowd. 133.
I concede that the plaintiff, in the case at bar, might have entered upon the defendants, notwithstanding the estate was cast upon them by descent from their father, for the father had not peaceable possession for five years next after his disseisin, *526 and the St. 32 Hen. 8, c. 33, having been adopted here, the plaintiff’s right of entry was not taken away by the descent. But he never did enter in fact, and in my opinion he is not entitled to treat the defendants as trespassers, as he might have done for the time to come, after he had entered upon them.
It has been contended however, that the entry of tho plaintiff, when the sheriff delivered seisin to him on the writ of possession, shall have relation back to the time when the plaintiff’s title accrued, or at least to the time when he brought his action, so as to enable the plaintiff to recover against all as trespassers, who came in under William-Thompson, the disseisor, by title. And unless the plaintiff can support that position, he cannot recover. He must apply a legal fiction to work a wrong, which is contrary to the maxim, in jictione juris semper est ceguitas. I say to work a wrong, for the defendants had not only a possession, but an apparent right of possession, during all that time. The estate came to them in a regular course of descent, and we have seen that no action of trespass could have been maintained against them during all that time, unless by this legal fiction they are by relation to be made tortfeasors. Whatever wrong their ancestor had done to the plaintiff, the defendants knew that they had not done wrong. The estate came to them by operation of law, and it seems to me that the law will not make them trespassers for occupying what, is cast upon them. I admit that the disseisee, who enters upon his disseisor, may justly apply this doctrine to him and his servants for all the time after the disseisin. He has done the wrong. But I deny the application to those who come in by title by or from the disseisor ; as by descent, devise, lease or feoffment. They have not done wrong. I deny that their lawful entry and apparent right of possession is by mere fiction to be made tortious.
The authority relied upon by the plaintiff to support this doctrine of relation, is the case of Holcomb v. Rawlyns, reported in Moore, 461, and Cro. Eliz. 540. In Moore it is stated, that all the justices agreed, upon argument, that if a disseisor make a lease for years, and afterwards the disseisee re-enter, the disseisee by his re-entry may punish the lessee *527 per trespass for mesne profits during his occupation, altnough he was in by title, but before his re-entry he shall not punish him. And there is no difference whether he that enters mean after the disseisin enters by wrong or by title. And that was the opinion upon consideration of all the books, viz. 33 H. 6 ; 2 Edw. 4 ; 34 H. 6 ; 13 H. 7. This report of Moore is ncorrect as to the fact that all the justices agreed, for Croke, (ubi sup.) states that the court were divided, Pop-ham, Gawdy and Fenner for the plaintiff, and Clench e contra for the defendant strenuously contending that the tort was not done by him who comes in by title, &c.
The only case that I have found which supports the decision of Holcomb v. Rawlyns, is 33 H. 6, 46, pl. 30. It is there stated, that by some of the justices and serjeants it was held, in a writ of trespass, that if one be disseised, and the disseisor alien to a stranger who enters, in this case the lisseisee may have a writ of trespass and recover damages for all the mesne trespass, as well against the disseisor as against the others who come in by title, viz. by feoffment; 50 ny divers writs each shall be charged of his own time, &c. But it will be seen that the judges, notwithstanding this decision, were continually expressing opinions to the contrary, in a short time after it was made. Thus in 34 H. 6, 30, cited in Holcomb v. Rawlyns, Prisot (who was C. J. of C- B.) gives his opinion, that when one comes in by feoffment of the disseisor, and afterwards the disseisee enters, he shall never be charged in a writ of trespass. This case is abridged in Bro. tit. Tresp. 35, where it is said, “ Nota per optimum opinionem, that if a man disseise me and make a feoffment and I re-enter, I shall not have trespass against the feoffee, for he is in by title and not as a trespasser to me. So in 37 H. 6, 35, pl. 22, it was held by Fortescue and Danby, mat u if I am disseised, and the disseisor makes a feoffment to one who cuts the trees or takes the grass, and afterwards 1 re-enter, I shall punish him by writ of trespass, and so of twenty alienees. Nota, Littleton and Spilman said they had always held the contrary, and that a writ of trespass lies oniv against the disseisor and not against his feoffee, but the disseisee recovers for all the time ; quod Pole concessit and said, *528 that it seemed that this was the reason of the common law; for in an assize the damages were never given against the feoffee, but always against the disseisor, until the statute of Gloucester.” So in 2 Ed. 4, 18, pl. 12, there seems to have been a great diversity of opinion upon this matter. “ Littleton. If after a disseisin a stranger makes trespass upon the soil, I may have trespass against the disseisor and the stranger also. Laicon. Not against the stranger, but the dis seisor, for they were not parties to the first wrong. Choke. You say true. Danby. No, it seems to me that after the disseisee hath re-entered, he shall have his action against the first disseisor and against the others also, as Littleton says , hut if he brought his action against the disseisor only, still he shall recover damages for the trespass done upon the disseisor by strangers, and when he hath recovered, the disseisor shall have his remedy over against them.” In this questionable state the law continued, until it was revised, considered and settled in 13 H. 7, 15, pl. 11. It is there said by all the judges, except Wood and Vavisor, that “by the common law, he who was in by title should not be punished; for if the heir of the disseisor had lands by descent, no damages should be recovered against him; no more where he was in by feoffment. And therefore the statute of Gloucester was made, that each should answer for his own time. The same law where the disseisor sells the trees, and the vendee cuts and carries them away.” “ But against a feoffee the disseisee shall not recover damages, for two reasons ; one, that be is in by title ; and the other, that the trespass was not done by him but by the first disseisor. In this case as abridged in Bro. Tresp. pl. 436, is this remark : — “ Nota by all the justices except Wood and Vavisor, if a man disseise me and enfeoff another, and I re-enter, I shall not have an action of trespass against the feoffee.”
We have examined the books cited for the opinion of the majority of the court in Holcomb v. Rawlyns, and the result is very satisfactory to my mind, that the case of 33 H. 6, was questioned until it was overruled by 13 H. 7, 15. No reasons are given in the former case, but good reasons are given in the latter. I do not hesitate to say that the weight *529 of authority was clearly against the decision in Holcomb v. Rawlyns, which case makes so great a figure in the digests. I am aware that Mr. Justice Buller in his Law of N. P. 87, says there are cases to the contrary, citing Cro. Eliz. 540 and Mo. 461, and “ that the reason of the law seems with them.” It would have been more correct to have said, as Bacon does, tit. Trespass, G, that it has been holden in one case, that trespass would lie against one who comes in by title, but that the contrary seems to be the better opinion. It does not appear that Mr. Justice Buller examined this point particularly ; and Lord Chief Baron Gilbert, in his Tenures, p. 47, although disposed to acquiesce in the decision of Holcomb v. Rawlyns, adds the remark, that “ it seems not to be doubted that the old laio was otherwise.”
The law upon this subject is thus stated afterwards in Liford's case, 11 Co. 51, by Lord Coke. “If one disseises me, and during the disseisin he cuts down the trees &c. growing upon the land and afterwards I re-enter, I shall have an action of trespass against him vi et armis for the trees, &c., for after my regress, the law, as to the disseisor and his servants, supposes the freehold always continued in me ; but if my disseisor makes a feoffment in fee, &c., and afterwards I re-enter, I shall not have trespass vi et armis against those who came in by title ; for this fiction of law, that the freehold continued always in me, shall not have relation to make him, who comes in by title, a wrongdoer vi et armis, but in such case I shall recover all the mean profits against my disseisor, in the same manner as the disseisee in such cases should recover in an assise at the common law, before the statute of Gloucester, c. 1, damages only against the disseisor.” And the same law is to be applied where the first disseisor is disseised by a second. No action of trespass vi et armis lies against the second disseisor before entry upon him, for he is answerable to the first disseisor; “ and therefore I shall recover all the mesne profits against my disseisor, his servants and others who have committed the trespass by his command, and in his right.” Vid. Bro. Abr. tit. Tresp. pl. 35, S. P. Lord Rolle, (2 Abr. 554, Tresp. T, pl. 8,) digests the case of Holcomb v. Rawlyns, but he cites Liford's *530 case and the case of 13 H. 7, 15, to the contrary The doctrine contended for is therefore maintained only by the case of 33 H. 6, (which was often afterwards questioned and finally overruled in 13 H. 7,) and by the divided opinion in Holcomb v. Rawlyns, which was overruled in Liford’s case.
But the case in Keilway, 1, pl. 2, which was in 12 H. 7, (if the decision in 13 H. 7, had not taken place,) is a full authority for the opinion of Lord Coke. This case is exceedingly important and applicable to that now under consideration. It was trespass. The defendant said, that the freehold in the locus in quo &c, was in Lord Brooke, and that the defendant by his command entered. The plaintiff replied, that he himself was seised until J. S. disseised him, which J. 8. enfeoffed Lord Brooke, upon whom the plaintiff reentered ; to which the defendant said, that J. S. did not disseise the plaintiff; .and the jury found that he did. And it was objected that the plaintiff could not have judgment, for the issue taken was a jeofaile, for that it appeared by the plaintiff’s own acknowledgment, that Lord Brooke came in by title, viz. by feoffment, and therefore by no way could be a trespasser to the plaintiff. And the opinion of the whole court was, that the plaintiff should not have judgment, for that the issue taken was a jeofaile. They state the law to be, that where one is disseised and afterwards re-enters, he shall recover against the disseisor for all the acts of the disseisor and his servants, but not against those who come in by title, or as disseisors of the first disseisor. They say that Lord Brooke came in by feoffment, which made a lawful entry and not a disseisin.
The only difference between that case and the case at bar is, that Lord Brooke came in by feoffment, but the defendants came in by descent ; which we have seen, in the case of 13 H. 7, is not material. In the case in Keilway there was an immaterial issue, as well as in the case at bar, and the court there held the plaintiff to be bound by his own showing that Lord Brooke came in by title, and I think the Court here ought to hold the plaintiff bound by his declaration that the defendants came' in by title.
The case of Symonds v. Symonds, (3 Car. C. B.) Hetl. *531 66, stated in Vin. Abr. Trespass, R, 4, pl. 5, as ruled by all the justices, is exactly in accordance with Lord Coke’s opin‘cn, that trespass will not lie against the feoffee or lessee of the disseisor, because they come in by title. If the law were as the plaintiff contends, what necessity, was there for the statute of Gloucester ? It will be recollected, that at the common law damages were recoverable in the assise .of novel disseisin, (2 Inst. 284,) but they were never given against the feoffee, or those who came in by title, but only against the disseisor, until that statute, which was passed in 6 Ed. 1, providing, “ that if disseisors do alien the lands, and have not whereof there may be damages levied, that they to whose hands such tenements shall come, shall be charged with' the damages, so that every one shall answer for his own time.” If by the principles of the common law each was answerable for his own time to the disseisee, notwithstanding he came in by title, those principles might have been applied to the writ of assise of novel disseisin without the aid of the statute. The statute of Gloucester has not been adopted here. But if it had been, the remedy did not extend to an action of trespass., which is as it was before the making of that statute. Keilw. 1, pl. 2. The assise of novel disseisin has not been adopted in this commonwealth, and damages have never been recovered in any possessory action here.
If the doctrine in Holcomb v. Rawlyns is to be supported, it seems to me that the plaintiff would be entitled to recover, not merely from the time when he commenced his writ of entry, but from the time when the defendants entered after the death of their father. If the law of that case is to govern, the plaintiff is entitled to the full benefit of it. I know of no right which we have to adopt it in part only. That would seem to me rather a legislative than a judicial act. If the defendants were disseisors and trespassers at all, they were so, just as much before the service of the writ of entry as after-wards. In Vin. Abr. Tresp. R, 4, pl. 2, it is said, “ If a man disseises me and makes a feoffment, and I re-enter, I shall not have trespass against the feoffee ; for he is in by title, and no trespasser to me, by the best opinion.” And Liford’s case has been recognised as good law by us in Fletcher v. *532 M'Farlane, 12 Mass. R. 46, where the Chief Justice saj s, “ If the rector and wardens have any action of trespass for the mesne profits, it is only against Pelham who kept them out. For as the plaintiffs entered by virtue of the indenture of lease, and the defendant by virtue of an assignment of that indenture, neither of them can be considered as trespassers.” The same doctrine has been held in New York, in Case v. De Goes, 3 Caines’s R. 262, by Thompson J., who delivered the opinion of the court, that those who came in by title from the disseisor cannot be made trespassers by relation.
It has been said, that there is no reason why the rule in the case of a feoffee or lessee should apply to an heir, who does not come in as a purchaser. I answer that the judges in 13 H. 7, before cited, held the rule to apply as well to the heir, as to the feoffee. It is equally true as to both, that they come to the estate by title, and not by trespass or disseisin. The heirs have done no wrong, any more than the feoffees or lessees. In the one case the estate has been distributed according to the law of descents, in the other, a valuable compensation has been made ; but they all stand upon their titles, and all alike deny that they are occupying as trespassers.
But to look one moment at the equity of the case. Suppose that A disseised B nineteen years ago, and died seised in one month after, and that the estate descended to his children, who entered and have held it ever since, taking the profits, dividing it among them, or assigning it as a portion to one of the children ; and suppose the heir in possession now to he sued for the possession. Is it reasonable that the claim now for the first time made, shall, if established at this late day, operate so as to make the heirs trespassers ab initio ? They came to the estate lawfully ; they grounded their manner of living upon the rents and profits of the land which had descended to them. In my view it would be alike inequitable and unwarrantable so to charge them. Suppose the heirs, after such a possession of nineteen years by title of descent, should sell a tree standing, and the vendee should, according to the bargain, cut and carry it away and pay for it; is it reasonable that the vendee should be pursued as a trespasser, and that too by a fiction ?
*533 There is no necessity for adopting a rule so pregnant with injustice, excusing the negligence of one party and visiting upon another the punishment for the wrongs committed by a third. The law has provided an ample remedy for those who have a right of entry, if they will use it. If they will not avail themselves of the remedies provided, it is in vain to come here and complain of injustice.
It has been contended, however, that the defendants are, in the writ of entry, said unjustly to withhold the possession, and so are deforciants, and that they should have given up the possession upon being served with the writ, and so they were trespassers ab initio, for holding over afterwards.
This argument could not have been advanced, if the declaration had been accurately drawn. It is true that the allegation, “ and whereof he complains that the aforesaid A unjustly deforceth him,” is not to be in any writ of entry, excepting that which is in the post. Reg. 228 ; F. N. B. 201. Now if that which is introduced in this case, viz. that the tenants “ unjustly withhold the premises from the demandant,” is equivalent to an alleged deforcement, it does not follow that the count imputes to the tenants any original tortious entry.
Wherever a man “ holdeth land whereunto another man hath right, be it by descent or purchase, he is said to be a deforceor.” Co. Lit. 277 ; 3 Bl. Comm. 172. It comprehends the case of a disseisin, as well as where one comes to the land by any lawful means. A tenant in a writ of right, as well as a tenant in a writ of entry, may in law be considered a deforciant. This circumstance has not the slightest bearing upon the case under consideration. The averment, such as it is, ought not to be construed to mean that the tenants themselves disseised, for that is expressly denied before. In truth, this allegation has no proper place in this writ, and should be rejected as senseless, or as surplusage.
And there seems to be some reason for the distinction. For where the disseisin or intrusion was made by the tenant himself, it was requisite to allege the fact. So if he was in as alienee, or as heir of the disseisor, it was requisite to state the facts precisely, in order to disprove the title of the tenant. That could be reasonably required, when not more *534 than two alienations or degrees had passed ; and when that was done, there was no necessity to complain of' a deforcement. But where more than two degrees had passed, where
the tenant, as Finch says, p. 262, was “ out of all degrees, as by abatement, disseisin, escheat, recovery, election, succession, dower, judgment, &c., or as the third or more feoffee,” and the remedy, as given by the statute of Marlebridge, c. 30, (2 Inst. 153,) was by the writ of entry in the post, the demandant was not supposed to know, or certainly was not required to state, all the intermediate wrongs particularly. It became necessary then for the demandant to count in the most comprehensive manner. He therefore complained of a “ deforcement,” which is “ nomen generalissimum,'>'> and thereby he included every species of wrong that could be imagined to have happened after the original disseisin, although not particularly and technically described, as we have seen was requisite when the tenant was within the degrees. The misplaced complaint of .a deforcement in the conclusion of the count, no more proves that the tenant held under such circumstances as to be liable in trespass for mesne profits, than another inaccuracy in the beginning, viz. in calling the defendants to answer in a plea of ejectment, instead of a plea of land, proves the writ in that suit to have been a proper ejectment, and not a writ of entry. But the Court will look upon the whole declaration, and from that it appears that the defendants were not called upon to answer for any disseisin which they had done, but for a supposed wrong which their father had done to the plaintiff. The defendants might have pleaded that their father did not disseise, or that they did not enter under him. If either of those issues had been found against them, they would have lost the possession, and that would have been the extent of their loss. If the plaintiff had been desirous of proceeding against the defendants as trespassers, he should have elected his remedy accordingly. He might have entered upon them and claimed the possession. Shall he now be allowed to stand upon the same footing as he would, if he had entered in fact ? If his right of entry had been gone, it is not contended that he could have maintained this action. What is the difference between having a *535 right and waiving it, and having no right, as it regards the defendants ? If the plaintiff had entered, the defendants would have surrendered the possession, or have defended at the risk of being considered as trespassers afterwards. The plaintiff might have then declared in a writ of entry upon his own seisin against the tenants as disseisors. A proper issue would have been joined, and if found for the plaintiff, the defendants would have been justly concluded. But to allow the same rights and advantages in this action, as the plaintiff might have obtained, if he had elected another course of proceeding better adapted to his case, seems to lead to the confounding of remedies, if not to the removing of landmarks.
One word more as to the effect of the evidence arising from the record of the former suit. The demandant declares upon his own seisin within thirty years, and a disseisin since that time by the father of the tenants. Non constat by the declaration, that the disseisin was not more than twenty years before the action ; in which case it is not pretended" that this action of trespass could have been maintained even by fiction. There is nothing conclusive against the defendants in that record upon that point.
I will recapitulate very briefly. This is an action of tres pass quare clausum, &c. The plaintiff must prove that the defendants were trespassers upon his actual or constructive possession. No evidence of those facts is offered, excepting the record and execution between these parties in the former suit upon a writ of entry. But in that the plaintiff acknowledges that the defendants entered by title and not as trespassers. The defendants are not estopped from showing the truth, because the issue taken was upon a fact not alleged by the plaintiff and wholly immaterial. The defendants never have confessed that the plaintiff entered upon them and that they ousted him, and no such event ever did happen. The truth is, that the plaintiff never had the actual possession from the time when the estate descended to the defendants, until he entered by his writ of possession, and the defendants nevei had it one moment afterwards. And if it be true that in England a plaintiff in ejectment might have compelled the defendants to have confessed lease, entry and ouster, and so *536 might have recovered, it is sufficient to say that the plaintiff has not brought ejectment, but a writ of entry, which has none of the fictions belonging to an ejectment. There was then no actual possession by the plaintiff, nor trespass by the defendants. Are the defendants to be made guilty by relation and fiction ? That depends upon reviving the case of Holcomb v. Rawlyns, which was clearly against the law as settled at the time, and has been repeatedly overruled. That case being removed, there is nothing remaining whereon the doctrine contended for by the plaintiff can'rest.
I deliver my opinion therefore, that the judgment should be for the defendants, with a strong conviction of its correctness, but with the most perfect respect for my learned brethren whose enlightened minds have guided them to a different conclusion.[1]

Judgment according to the verdict.

 Mr. Justice Lincoln, not having heard the argument nor the discussion oí the case, gave no opinion.

 See Stearns on Real Actions (2d ed.), 369, note.